

07/07/2006

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RICHARD KING FOSTER, SR. | § | Case No. 05-20540 |
| | § | |
| Debtor | § | Chapter 13 |

### **MEMORANDUM OF DECISION**

This matter came before the Court upon hearing of the Trustee's Objection to Debtor's Exemptions (the "Objection") filed by Ronald E. Stadtmueller, Standing Chapter 13 Trustee (the "Trustee"), in the above-referenced case. The Objection seeks to invalidate the exemption claim of the Debtor, Richard Foster (the "Debtor"), as to his beneficial interest in an annuity purchased for his benefit as the result of winning the Colorado lottery. The Trustee correspondingly objected to the confirmation of the Debtor's Amended Chapter 13 Plan on the grounds that, among other deficiencies, the Debtor has failed to meet the "best interests of creditors" test since the money proposed to be distributed through the Debtor's Amended Chapter 13 Plan is not equivalent to the amount which would be distributed to unsecured creditors in a Chapter 7 liquidation if the annuity constituted property of the Chapter 7 bankruptcy estate. Upon due consideration of the evidence and the applicable legal authorities,[1] the Court concludes that the Debtor's claim of exemption as to the annuity proceeds must be sustained and that the Trustee's

---

[1] This case was commenced prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

Objection thereto must be denied. Further, because the annuity proceeds would be exempt from the scope of estate property in a Chapter 7 liquidation, the Trustee's objection to confirmation of Debtor's Amended Chapter 13 Plan as a result of the Debtor's purported failure to meet the best interests test must be overruled and the Debtor's plan shall be confirmed. This memorandum of decision disposes of all issues pending before the Court.[2]

## Background

In 1996 the Debtor won $4 million in the Colorado State Lottery. At that time, the Debtor elected to receive a stream of payments over time rather than a lump sum award. In order to satisfy the monetary obligation owed to the Debtor, the State of Colorado unilaterally elected to purchase an annuity for the Debtor's benefit. On March 8, 1996, the State of Colorado purchased an annuity from the Colony Life Insurance Company which would tender the Debtor's lottery winnings in fixed annual payments over a period of 25 years.

On September 29, 2005, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. The Debtor subsequently proposed a 36-month

---

[2] This Court has jurisdiction to consider the objections pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). The Court has the authority to enter a final order as to each contested matter since each constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A), (B), (L), and/or (O).

Chapter 13 plan of repayment.[3] The Debtor also elected to claim exemptions available to him under Texas law pursuant to 11 U.S.C. § 522(b)(2) and, pursuant to that election, he claimed the annuity as exempt property under TEX. INS. CODE §1108.051. The Trustee timely objected to that exemption claim and further claimed that, if the annuity payments cannot be properly exempted from the bankruptcy estate, then confirmation of the Debtor's amended Chapter 13 plan must be denied due to the Debtor's failure to satisfy the best interests of creditors test imposed by §1325(a)(4).[4]

The Court conducted a consolidated hearing on the exemption claim and the plan confirmation issues. The Debtor testified at the hearing that his bankruptcy filing was primarily triggered by the need to address delinquent taxes owed to the Internal Revenue Service.[5] The Debtor further testified that he has 14 annual payments remaining under the annuity contract, totaling an approximate sum of $334,128.00. He stated that he could not demand advance payments from the annuity issuer and testified without contradiction that any attempt to liquidate the annuity contract prematurely would result in a disproportionate loss. Upon conclusion of the hearing, the Court took the matter under advisement.[6]

---

[3] The initial plan was subsequently superseded by an amended Chapter 13 plan which primarily addresses indebtedness owed to the Internal Revenue Service.

[4] §1325(a)(4) requires that the value of property to be distributed under the plan to the holder of each allowed unsecured claim on the effective date of the plan be "not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date."

[5] Of the approximate $121,000 in claims timely filed against this Estate, roughly $115,500 of that amount is owed to the IRS.

[6] All other plan objections asserted by the Trustee, including those based upon the Debtor's failure to dedicate tax refunds to the plan or to timely make payments in the pre-confirmation period,

**Discussion**

*The annuity exemption and the Texas Insurance Code*

The commencement of a bankruptcy case creates an estate encompassing all legal and equitable interests in property of the debtor as of the petition date, including any property that might potentially be exempt. 11 U.S.C. §541(a). The debtor may then exempt certain property from that bankruptcy estate by claiming either the federal exemptions provided by 11 U.S.C. §522(d), or any other exemptions provided by applicable federal, state, or local law. 11 U.S.C. §522(b).[7]

The Debtor in this case elected state exemptions under §522(b)(2). That subsection provides, in relevant part, that:

> Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate . . .
> any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place . . . .

11 U.S.C. §522(b)(2).

There is no dispute that the Debtor is generally entitled to claim exemptions under

---

were resolved prior to the hearing and were withdrawn and/or abandoned by the Trustee.

[7] The facts and law existing as of the date of the petition govern a debtor's claimed exemptions. *See Zibman v. Tow*, 268 F.3d 298, 302 (5th Cir. 2001) ["This focus on the status as of the date of filing is commonly referred to as the 'snapshot' approach to determining the extent of the bankruptcy estate and the scope of the exemptions."] (*citing White v. Stump*, 266 U.S. 310, 312, 45 S.Ct. 103, 69 L.Ed. 301 (1924)).

Texas law. Specifically in this context, the Debtor's annuity exemption claim arises under TEX. INS. CODE §1108.051 which provides that:

> (a) Except as provided by Section 1108.053, this section applies to any benefits, including the cash value and proceeds of an insurance policy, to be provided to an insured or beneficiary under:
> > (1) an insurance policy or annuity contract issued by a life, health, or accident insurance company, including a mutual company or fraternal benefit society; or
> > (2) an annuity or benefit plan used by an employer or individual.
>
> (b) Notwithstanding any other provision of this code, insurance or annuity benefits described by Subsection (a):
> > (1) inure exclusively to the benefit of the person for whose use and benefit the insurance or annuity is designated in the policy or contract; and
> > (2) are fully exempt from:
> > > (A) garnishment, attachment, execution, or other seizure;
> > > (B) seizure, appropriation, or application by any legal or equitable process or by operation of law to pay a debt or other liability of an insured or of a beneficiary, either before or after the benefits are provided; and
> > > (C) a demand in a bankruptcy proceeding of the insured or beneficiary.

However, the Trustee challenges whether an annuity can be properly exempted when it is received as the reward for winning a lottery. The Debtor argues that the plain

language of the statute and the Texas policy mandating the liberal construction of exemption statutes support the exemption of these annuity payments from the scope of the bankruptcy estate.[8]

Although a party objecting to a claim of exemption has the ultimate burden of persuasion (or the risk of non-persuasion) pursuant to FED. R. BANKR. P. 4003(c),[9] a debtor-claimant must sustain an initial burden of production or going forward with the evidence to establish that the referenced property qualifies for the claimed exemption before the objecting party is obligated to go forward with his proof. This is consistent with Texas law which requires an exemption claimant to prove that the property claimed as exempt actually qualifies for the exemption. *See Lozano v. Lozano*, 975 S.W.2d 63, 67 (Tex. App.– Houston [14th Dist.] 1998, pet. denied), citing *Rucker v. Rucker*, 810 S.W.2d 793, 795-96 (Tex. App.– Houston [14th Dist.] 1991, writ denied).

The Court finds that the Debtor has met this burden. The amounts sought to be

---

[8] In assessing the validity of the Debtor's exemption claim, the court must understandably look to Texas law to interpret those exemption rights. *Bradley v. Pac.Southwest Bank (In re Bradley)*, 121 B.R. 306, 312 (Bankr. N.D. Tex. 1990), *rev'd on other grounds*, *In re Bradley*, 960 F.2d 502 (5th Cir. 1992), cert. denied sub. nom., *Commonwealth Land Title Ins. Co. v. Bradley*, 507 U.S. 971, 113 S.Ct. 1412, 122 L.Ed.2d 783 (1993); *see also In re Moody,* 77 B.R. 580, 590 (S.D. Tex. 1987) ["Bankruptcy courts must resort to state law for an interpretation of state exemption rights in homesteads."], aff'd by *In re Moody*, 862 F.2d 1194 (5th Cir.), cert. denied, *Moody v. Smith*, 503 U.S. 960, 112 S.Ct. 1562, 118 L.Ed.2d 209 (1992). Texas courts have historically endorsed the policy of liberally construing all exemption statutes in favor of its citizens. *See Hickman v. Hickman*, 234 S.W.2d 410, 413-14 (Tex. 1950); *NCNB Texas Nat'l Bank v. Volpe (In re Volpe)*, 943 F.2d 1451, 1453 (5th Cir. 1991).

[9] FED. R. BANKR. P. 4003(c) states as follows:

In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections.

protected undoubtedly constitute benefits which are being provided to a beneficiary under an annuity contract.[10] It is not controverted that the annuity contract was issued by a life insurance company. Further, there are no allegations upon which the availability of the exemption could be precluded under one of the three statutory exceptions set forth in TEX. INS. CODE §1108.053.[11] Therefore, the Debtor's exemption claim appears valid and, accordingly, the burden of proof shifts to the Trustee to demonstrate that the exemption is not properly claimed.

Yet the Trustee offers no evidence to uphold his burden, merely the argument that the Court must consider the *source* of funds utilized to purchase the annuity in order to determine whether the proceeds derived therefrom qualify for the §1108.051 exemption. A similar argument was presented in *In re Alexander*, 227 B.R. 658 (Bankr. N.D. Tex.

---

[10] An annuity is "a right, often acquired under a life-insurance contract, to receive fixed payments periodically for a specified duration." *Black's Law Dictionary* (8th ed. 2004). TEX. INS. CODE §1108.002 further expands the scope of the exemption when it states that:

For purposes of regulation under this code, an annuity contract is considered an insurance policy or contract if the annuity contract is issued:

    (1) by a life, health or accident insurance company, including a mutual
        company or fraternal benefit society; or
    (2) under an annuity or benefit plan used by an employer or individual.

[11] TEX. INS. CODE §1108.053 provides as follows:

The exemptions provided by Section 1108.051 do not apply to:
    (1) a premium payment made in fraud of a creditor, subject to the
        applicable statute of limitations for recovering the payment;
    (2) a debt of the insured or beneficiary secured by a pledge of the
        insurance policy or the proceeds of the policy; or
    (3) a child support lien or levy under Chapter 157, Family Code.

1998) in which a chapter 7 trustee objected to the debtors' claim of exemption, under Article 21.22 of the Texas Insurance Code [the unaltered predecessor of §1108.051], of an annuity contract which had been previously purchased for the debtors' benefit by tort defendants as a part of a structured settlement of a wrongful death action. The trustee in *Alexander* argued that the debtors were simply creditors of the tort defendants and that, as a part of a litigation settlement, the annuity merely marked a method by which the defendants' financial obligations to the debtors could be satisfied. Thus, the trustee argued that the stream of payments to the debtors should not be declared exempt simply because an annuity was utilized. However, the United States Bankruptcy Court for the Northern District of Texas rejected the trustee's position and sustained the debtors' exemption claim under Art. 21.22. In rejecting the proposition that the availability of the annuity exemption hinged upon the source of funds utilized to purchase the annuity, and particularly in the light of liberal construction of exemptions mandated by Texas law, the court made the following observation:

> Article 21.22 of the Texas Insurance Code, as it presently exists, does not limit the term "annuity." The statute does not restrict the source of the funds used to purchase the annuity. Whether the lack of such limitations is a legislative oversight or an intentional act on the part of the legislature to exempt every annuity regardless of its source and purpose is of no consequence in this case. This court must read the statute as written.

*Id.* at 661.

This "plain language" construction of state exemption schemes has been endorsed

by the Fifth Circuit. In *Canfield v. Orso (In re Orso)*, 283 F.3d 686 (5th Cir. 2002), the Circuit considered "whether the property interests for which exemption is claimed – here, periodic payments from annuities obtained in a structured settlement of personal injury claims – come within the ambit of the subject state exemption statute, §647 of the Louisiana Insurance Code." *Id*. at 691. In expressly overturning its prior decisions in which it had previously endorsed the "piercing" of transactions leading to the creation of an annuity contract to determine the propriety of an exemption claim under state law,[12] the Fifth Circuit, in an *en banc* decision, held that "courts are not authorized (1) to 'pierce' annuities or the underlying transactions that produce them except by actions expressly provided for that purpose by [applicable state] law, or (2) to parse the annuity contract itself for qualification of the proceeds as exempt." *Id*. at 697. Instead, in determining the validity of an exemption claim under state law, courts are simply to apply the plain wording of the statute, if unambiguous, and avoid any attempt to "go behind its terms to ascertain the intent of the legislature." *Id*. at 693.

Applying the directive articulated in *Orso*, and recognizing that the scope of protection offered to the beneficiaries of annuity contracts under Texas law through TEX. INS. CODE §1108.051 is limited only by the circumstances specifically articulated in

---

[12] *Young v. Adler (In re Young)*, 806 F.2d 1303 (5th Cir. 1987); *McGovern v. First Nat'l Bank of Jefferson Parish (In re McGovern)*, 918 F.2d 175, No. 89-3849 (5th Cir. Oct. 25, 1990)(unpublished table decision).

§1108.053,[13] none of which have been alleged by the Trustee, this Court is precluded from examining the source of funds utilized to purchase the annuity contract in order to determine whether the proceeds derived therefrom qualify for the §1108.051 exemption. That determination is governed by the express language of the exemption statute. Since the Debtor's annuity meets all of the statutory qualifications set forth in §1108.051, the benefits derived from that annuity "inure exclusively" to the benefit of the Debtor and are fully exempt from any type of creditor seizure, including "a demand in a bankruptcy proceeding of the insured or beneficiary." TEX. INS. CODE §1108.051(b)(2)(C).

Upon the Debtor's satisfaction of his burden to establish that he is entitled to claim the benefits of his annuity contract as exempt under §1108.051, and in light of the Trustee's failure to offer any evidence which contradicts that entitlement,[14] the Court concludes that the evidence offered by the Trustee is not sufficient to sustain his ultimate burden of persuasion pursuant to FED. R. BANKR. P. 4003(c). Accordingly, the Court concludes that the Trustee's Objection to Debtor's Exemptions must be denied and the Debtor's claim of exemption to the proceeds of the annuity contract must be sustained.

*Confirmation of Debtor's Chapter 13 Plan*

In light of the validated exemption claim by the Debtor, the proceeds of the

---

[13] *See supra* note 11.

[14] It is significant that the Debtor did not procure this annuity. The annuity is simply the vehicle by which the State of Colorado elected to fulfill its financial obligations to the Debtor. Thus, the issue of the voluntary conversion of non-exempt assets to exempt assets is not raised in this case.

annuity contract would not be available for liquidation in a Chapter 7 scenario since the annuity contract would be properly exempted from the scope of the Chapter 7 bankruptcy estate. Accordingly, the remaining plan objection of the Trustee — that the Debtor has failed to comply with the best interests requirement of §1325(a)(4) — must be overruled. Since the parties have reached agreement on all other objections of the Trustee, including an agreement that the Debtor will dedicate to the plan payments all tax refunds received by the Debtor during the pendency of the plan, and in light of the Debtor's satisfaction of all other requirements for confirmation as set forth in §1325(a), the Court concludes that the Debtor's Amended Chapter 13 Plan, as modified, should be confirmed.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law[15] pursuant to FED. R. CIV. P. 52, as incorporated into contested matters in bankruptcy cases by FED. R. BANKR. P. 7052 and 9014. Separate orders shall be entered in each contested matter consistent with this opinion.

Signed on 07/07/2006

*[signature: Bill Parker]*

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[15] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.